142 F.3d 444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theodore C. KULAS, Plaintiff-Appellant,
v.
Jaime FLORES and Louis Spivack, Defendants-Appellees.
 No. 96-15571.
D.C. No. CIV 93-466-TUC-JET (consolidated with CIV
93-766-TUC-JET and CIV 93-795-TUC-JET).
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Nov. 5, 1997**.
Decided April 15, 1998.
 
 Appeal from the United States District Court for the District of Arizona Jack E. Tanner, District Judge, Presiding.
 Before WOOD, JR.,*** RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Theodore Kulas, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment to defendants in his 42 U .S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 Kulas filed a number of § 1983 actions against Jaime Flores, a Tucson police officer, and Louis Spivack, a Pima County Assistant State's Attorney. These actions were consolidated into the present suit. Kulas' claims arise out of his arrests for drug and witness tampering charges in December 1992 and January 1993. These charges were consolidated for trial. Kulas was tried in state court, where he elected to represent himself. At the close of evidence, the judge entered a directed verdict on the witness tampering charge. The jury convicted Kulas on the drug charges, and this conviction was affirmed on appeal.
 
 
 4
 Kulas began filing pro se § 1983 claims against Flores and Spivack in federal court in July 1993. The district court consolidated Kulas' actions and received numerous discovery motions. The parties then submitted dispositive motions. The district court dismissed a number of Kulas' claims pursuant to motions to dismiss by Defendant Flores. Kulas filed a motion for summary judgment on the remaining claims which the district court denied. The court then granted Flores' motion for summary judgment on Kulas' witness tampering and forfeiture claims. The court also granted Defendant Spivack's motion for summary judgment. Kulas' remaining motions were deemed moot, and the case was dismissed. Since the underlying facts are familiar to the parties, we will discuss specific facts only when they are relevant to our analysis.
 
 
 5
 Kulas included in his § 1983 action a claim that Officer Flores perjured himself before the grand jury on January 26, 1993 in order to obtain an indictment for tampering with witness Anna Kolar. Flores moved for summary judgment on this perjury claim, arguing that he should be entitled to absolute immunity for his grand jury testimony. The district court granted summary judgment on the perjury claim in a brief order without written analysis. We review the district court's grant of summary judgment de novo. A grant of summary judgment may be sustained on any basis supported by the record. Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1315 (9th Cir.1995). Viewing all of the facts in the light most favorable to the nonmoving party, we must determine whether there is a genuine issue of material fact in dispute. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). We must affirm if the nonmoving party fails to produce facts "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
 
 
 6
 Generally, grand jury witnesses are absolutely immune from § 1983 damages for their testimony before the grand jury. Little v. City of Seattle, 863 F.2d 681, 684 (9th Cir.1988). However, this circuit has recently recognized an exception to this immunity for law enforcement witnesses functioning as complaining witnesses. Harris v. Roderick, 126 F.3d 1189, 1199 (9th Cir.1997). Under this exception, law enforcement witnesses who initiate a prosecution are not entitled to absolute immunity for false statements before the grand jury. Id.
 
 
 7
 Kulas alleges that Flores was functioning as a complaining witness. The determination as to whether Flores acted as a "complaining witness" is a question of fact. See Anthony v. Baker, 955 F.2d 1395, 1399-1400 (10th Cir.1992). A complaining witness is a person or persons "who actively instigated or encouraged the prosecution of the plaintiff." Id. at 1399, n. 2. While Flores asserts that Kulas has failed to provide evidence to support his contention, the record shows that Flores brought up the possibility of witness tampering charges with the prosecutor following the preliminary hearing on the drug charges. While that prosecutor was hesitant to pursue the witness tampering charge, since it would not significantly enhance the sentencing determination, he did recommend that Flores speak with another prosecutor to evaluate the possibility of pursuing witness tampering charges. Flores then spoke with Appellee Spivack concerning the charges. Upon Spivack's recommendation, Flores booked Kulas for witness tampering and made an appointment with the issuing unit to have the case issued and presented to the grand jury. Flores also presented his evidence to the prosecutor who issued the formal complaint on the witness tampering charge. Flores was the sole witness before the grand jury on the witness tampering claim. This evidence is sufficient to create a genuine issue of material fact as to whether Flores was functioning as a complaining witness.
 
 
 8
 In the present case, remand is necessary to determine whether Flores acted as a complaining witness. If Flores did function as a complaining witness, he is not entitled to absolute immunity for his testimony before the grand jury. Kulas bases his § 1983 claim on two statements Flores made before the grand jury on the witness tampering claims. With regard to the first alleged perjured statement, the absence of immunity does not affect the outcome. Kulas contends that Flores presented false testimony by stating that "Kulas asked [Kolar] to testify falsely and told her to tell--in her testimony that the police had threatened her, coerced her and pointed guns at her, all of which did not occur." However, the transcript of the telephone conversation clearly shows that Kulas did indeed tell Kolar to "Say you were terrified. They had guns on you. They were threatening you and things like that. Okay?" Kulas concedes that the police did not point their guns at Kolar, but asserts that at the time he made the statement he believed that they had done so. Therefore, Kulas fails to present evidence sufficient to create a genuine issue of material fact as to whether this first statement at issue constituted perjury.
 
 
 9
 However, Kulas also contends that Flores testified falsely in answering "Yes, it was" in response to the prosecutor's question "Did [Kolar] indicate what Mr. Kulas was asking her to do was to change her testimony and to give falsehoods?". Kulas alleges that Kolar did not indicate to Flores that Kulas had asked her to change her testimony. He points to several pieces of evidence to support this contention. First, Kulas claims that Flores admitted that Kolar never told him that Kulas had asked her to lie. However, while Flores admitted that Kolar never told him that Kulas had expressly asked her to change her testimony and testify falsely, he asserted that Kolar had indicated to him that she felt that Kulas had been threatening her if she did not change her testimony. This evidence alone is insufficient.
 
 
 10
 Kulas also points to Kolar's testimony at the preliminary hearing for his drug charges and at trial to support his position. Kolar's preliminary hearing testimony occurred before the alleged witness tampering incident even occurred, and therefore, it did not address the issue. However, Kolar's trial testimony dealt directly with the issue. The following exchange occurred during the cross-examination of Anna Kolar at Kulas' criminal trial:
 
 
 11
 Q (Mr. Miss Kolar, good morning. When I made that telephone call that we
 
 
 12
 Kulas): just heard on tape, do you think that I induced you to testify
 
 
 13
 falsely?
 
 
 14
 A (Ms. No.
 
 Kolar):
 
 15
 Q: No. Why do you think I said--or no why do you think--why do you
 
 
 16
 think, yes, I said to tell them that they pulled guns on you?
 
 
 17
 A I don't know, because they did not pull guns.
 
 
 18
 Q: Okay. Did they pull guns on the other girl?
 
 
 19
 A: I was not there to witness that. That is what I heard, but I was not
 
 
 20
 a witness to that.
 
 
 21
 Q: Okay. Is that probably the reason why I thought they did the same
 
 
 22
 thing to you?
 
 
 23
 A: It could be.
 
 
 24
 Q: And I wasn't inducing you to state falsehoods or change your
 
 
 25
 testimony?
 
 
 26
 A: No.
 
 
 27
 We believe that this testimony, together with the ambiguity of the telephone conversation between Kulas and Kolar[1], constitutes sufficient evidence to allow Kulas to survive summary judgment with regard to the second alleged perjured statement. Although Flores asserts that Kolar did indicate that Kulas had asked to change her testimony and to testify to things that were untrue, he points only to the transcript of the taped conversation between Kulas and Kolar and his own reports for support. He does not attempt to explain Kolar's trial testimony, and the telephone transcript makes no mention of any interaction between Flores and Kolar.
 
 
 28
 Viewing the evidence in the light most favorable to Kulas, a genuine issue of material fact exists as to whether Flores' second statement constituted perjury. Since Flores may not be entitled to absolute immunity for his grand jury testimony, the district court erred in granting summary judgment to Flores on this claim. Upon remand, a factfinder will have to determine whether Flores functioned as a complaining witness, and if so, whether Kulas is able to meet his burden of showing that Flores presented perjured testimony.
 
 
 29
 We have considered Kulas' remaining claims and find them to be without merit.
 
 
 30
 The district court's grant of summary judgment to Appellee Flores on the grand jury perjury claim is REVERSED and REMANDED to the district court for further proceedings consistent with this opinion. The judgment of the district court is AFFIRMED in all other respects.
 
 
 31
 Each party to bear its own costs.
 
 
 
 **
 It has been determined that this case is suitable for decision without argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 While Kulas suggested a variety of untrue scenarios to Kolar, he never expressly asked her to lie. In fact, when Kolar told Kulas that she did not know if she could lie, he stated "[o]kay, don't lie, don't perjure yourself, please don't ...."