**Theodore Chester KULAS,
Plaintiff–Appellant,**

v.

**Jaime FLORES, Defendant–Appellee.**

**No. 99–16029.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 2001*

Filed June 25, 2001

---

\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

782

Theodore Chester Kulas, Pro Se, Arizona State Prison, Douglas, Arizona.

Sean Edward Holguin, Pima County Attorney's Office, Tucson, Arizona, and Ronna Lee Fickbohm and Richard A. Brown, Gabroy, Rollman & Bosse, Tucson, Arizona, for the appellee.

Before: SCHROEDER, Chief Judge, D.W. NELSON, and RAWLINSON, Circuit Judges.

D.W. NELSON, Circuit Judge:

Theodore Chester Kulas, an Arizona state prisoner, appeals pro se the district court's judgment for the defendant following a bench trial in his 42 U.S.C. § 1983 claim against police officer Jaime Flores. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July 1993, Kulas filed several § 1983 claims against Flores stemming from Kulas' arrest and prosecution for drug and witness tampering charges. Among those claims, Kulas alleged that Flores perjured himself before a grand jury in order to obtain an indictment for witness tampering. Flores moved for summary judgment, arguing that he is entitled to absolute immunity for his grand jury testimony. The district court granted summary judgment and Kulas appealed. We remanded for a finding on two questions: (1) whether Flores was functioning as a complaining witness before the grand jury, and (2) if Flores was functioning as a complaining witness, whether he committed perjury. See *Kulas v. Flores*, No. 96–15571, 1998 WL 205791, *3 (9th Cir.1998) (unpublished memorandum disposition).

■■■ At a bench trial following remand, the district court found that Flores was not functioning as a complaining witness and was, therefore, entitled to absolute immunity.[1] Kulas appeared pro se during the trial and clashed repeatedly with the district judge over the scope of relevant testimony, the proper way to question witnesses, and Kulas' many objections to opposing counsel's questions. At one point during defense counsel's cross-examination of a witness, the district judge had Kulas removed from the courtroom for disrupting the proceedings. Kulas argues on appeal that the district court erred by (1) failing to give preclusive effect to the state trial court's decision dismissing the witness tampering charge; (2) depriving him of his constitutional right to a jury trial; (3) excluding certain evidence and denying discovery motions; (4) ordering Kulas removed from the courtroom; and (5) refusing to recuse himself.

## II. STANDARD OF REVIEW

■■■ The right to a jury trial is a question of law reviewed de novo, *Frost v. Huffman*, 152 F.3d 1124, 1128 (9th Cir. 1998), however, the district court has discretion to grant or deny an untimely jury demand. *Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir. 1996). We review the district court's rulings concerning discovery and evidentiary issues for an abuse of discretion, *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996), and reverse only if the district court's ruling more likely than not affected the verdict. *United States v. Emmert*, 829 F.2d 805, 808 (9th Cir.1987). The denial of a recusal motion is also reviewed for an abuse of discretion. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1157 (9th Cir.1999).

## III. DISCUSSION

### A. ISSUE PRECLUSION

■■■ An Arizona trial court ultimately dismissed the witness tampering charge

---

1. Grand jury witnesses are generally immune from suit under § 1983 for their testimony. *See Little v. City of Seattle*, 863 F.2d 681, 684 (9th Cir.1988). However, there is an exception to this immunity for law enforcement witnesses functioning as "complaining wit-nesses." *Harris v. Roderick*, 126 F.3d 1189, 1199 (9th Cir.1997). A complaining witness is a person "who actively instigated or encouraged the prosecution of the plaintiff." *Anthony v. Baker*, 955 F.2d 1395, 1399 n. 2 (10th Cir.1992).

against Kulas. Now Kulas argues, for the first time on appeal, that this state court decision precluded the district court from hearing testimony in his § 1983 suit about Flores' perception of the alleged witness tampering conversation. Even if Kulas had not waived this argument by failing to raise it at trial, *see Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir.1996), we conclude that it is without merit. The issues in the two proceedings were entirely different. The state court determined that there was insufficient evidence of witness tampering to submit the charge to a jury. On remand in this case, the district court considered whether Flores was a complaining witness and whether he perjured himself before the grand jury. Therefore, at least one of the prerequisites for issue preclusion under Arizona law is lacking because the issue was not "actually litigated" in the prior proceeding. *Garcia v. General Motors Corp.*, 195 Ariz. 510, 514, 990 P.2d 1069, 1073 (App.1999).

## B. JURY TRIAL

 Kulas' second claim of error is that the district court denied his constitutional right to a jury trial. Kulas waived any right to a jury by failing to file a timely demand as required by Fed. R.Civ.P. 38(b). *See Kletzelman*, 91 F.3d at 71. Moreover, any error in denying a jury trial would be harmless. "The erroneous denial of a jury trial in a civil case is subject to harmless error analysis. The denial will be harmless only if 'no reasonable jury could have found for the losing party....'" *Fuller v. City of Oakland*, 47

F.3d 1522, 1533 (9th Cir.1995) (citation omitted). Even though the district judge made clear what was at issue on remand, Kulas presented no evidence relating to the threshold question of whether Flores was functioning as a complaining witness. Accordingly, no reasonable jury could have found for Kulas and the district court committed harmless error, if any, by conducting a bench trial. *See Fuller*, 47 F.3d at 1533; *Little v. City of Seattle*, 863 F.2d 681, 684 (9th Cir.1988).

## C. DISCOVERY AND EVIDENTIARY RULINGS

 Kulas also challenges several evidentiary rulings and discovery orders made by the district court. Some of these issues were raised during Kulas's prior appeal in which we affirmed all of the district court's discovery rulings. Because in each instance the evidence Kulas sought through discovery and attempted to introduce at trial related only to the issue of whether Flores committed perjury, and not to Flores' role as a complaining witness, we conclude that any error in the district court's discovery and evidentiary rulings was harmless. *See Burgess v. Premier Corp.*, 727 F.2d 826, 833–36 (9th Cir. 1984).

## D. REMOVAL FROM THE COURT-ROOM

 Kulas represented himself during the bench trial in his § 1983 claim against Flores. The district judge made repeated attempts to guide Kulas' direct examination toward the two questions on remand.[2]

2. THE COURT: Is there some relevance, Mr. Kulas? Is there some relevance?

 MR. KULAS: Yes, Your Honor.
THE COURT: What is it?
MR. KULAS: It goes to the issue here.
THE COURT: What is it?

MR. KULAS: Well, as to whether he understands what an oath is and the solemnity of it and what it means.
THE COURT: Why don't you ask him that?
MR. KULAS: Well, I am getting to that.
THE COURT: Is that the question you want to put to him?
MR. KULAS: Yes.

Despite the judge's best efforts, Kulas ignored these instructions and continued to harass the witness. The district judge warned Kulas that his conduct was improper and that he could be removed from the courtroom.[3] During defense counsel's cross-examination, Kulas interrupted each question with frivolous objections. When he continued disrupting the proceedings, the district judge ordered Kulas removed from the courtroom for the remainder of the cross-examination.[4] While Kulas was

> THE COURT: Do you understand that question, sir?
> THE WITNESS: Yes, sir, I do.
> MR. KULAS: What is your answer?
> THE WITNESS: I understand what it means and when I take an oath, what it stands for, yes, sir.
> Q (By Mr. Kulas) Can you please tell me what oath you took in the police department?
> THE COURT: What is the relevance?
> MR. KULAS: The relevance is that I will show when he says what the oath is-
> THE COURT: Mr. Kulas, we are talking about what happened before the grand jury.
> MR. KULAS: Exactly.
> THE COURT: Let's get to it.
> Q (By Mr. Kulas) Did you take an oath to uphold the law as a Tucson Police Department Officer?
> THE COURT: I'll tell you again. Get to the grand jury.
> MR. KULAS: Excuse me a second. The defense expects to pre—
> sent evidence that has nothing to do with the grand jury. Tr. Mar. 30, 1999, p. 10–12.

3. THE COURT: Whatever you want to call it, that's the way it is. We are now going to cross examination.

> MR. KULAS: Your Honor, you are unjustly restricting the presentation of my case.
> THE COURT: I am telling you be quiet.
> MR. KULAS: Your Honor, it is—
> THE COURT: Be quiet. Be quiet.
> MR. KULAS: Yes, sir.
> THE COURT: Cross-examination.
>
> . . . . .
>
> MR. KULAS: Your Honor, if—
> THE COURT: I am going to have you put down in lockup if you don't listen to me. Do you understand that?
> MR. KULAS: Your Honor, I—
> THE COURT: Do you understand that?
> MR. KULAS: What I would like to do—
> THE COURT: I will have you removed from the courtroom. You are disrupting the proceedings unnecessarily and unfairly.
> MR. KULAS: What is the proceeding? Is that the idea, that I can't—

> THE COURT: Next time you say one thing, Mr. Kulas, I am going to have you removed from this courtroom.
> Tr. Mar. 30, 1999, p. 32–33.

4. The following exchange preceded the district judge's decision to have Kulas removed from the courtroom:

> Q (By Ms. Fickbohm) When you testified at the grand jury, in front of the grand jury on January 26th, 1993 and Kathleen Quigler asked you to please tell the grand jury what Mr. Kulas said to Ms. Kolar during the phone conversation, was it your understanding that Ms. Quigley was asking for—
> MR. KULAS: Objection. Speculation.
> THE COURT: Overruled.
> Q (By Ms. Fickbohm) Was it your understanding that Ms. Quigley was asking for a verbatim transcript of that entire phone conversation?
> MR. KULAS: Objection. You limited my direct.
> THE COURT: Overruled.
> THE WITNESS: No, it was not.
>
> . . . . .
>
> Q (By Ms. Fickbohm) Can you explain to the judge why you believed at the time that was an honest answer?
> MR. KULAS: Objection.
> THE COURT: Overruled.
> MR. KULAS: No evidence, no foundation.
> THE WITNESS: Your Honor, on the 8th the behavior that Mr. Kulas had during the preliminary hearing—
> MR. KULAS: Your Honor, this is not relevant to the grand jury proceedings.
> THE COURT: Remove the plaintiff. Remove the plaintiff from the courtroom.
> MR. KULAS: Your Honor, it is not relevant.
> THE COURT: Remove the plaintiff from the courtroom.
> MR. KULAS: You should be ashamed of yourself.
> THE COURT: Remove the plaintiff.
> MR. KULAS: You are disgusting.
> THE COURT: Remove the plaintiff.
> MR. KULAS: You truly are.

out of the courtroom, the district judge questioned Flores twice about his testimony before the grand jury. After opposing counsel finished her cross-examination, Kulas was returned to the courtroom and given an opportunity to continue questioning Flores.

■ We must decide whether the district court erred in removing Kulas from the courtroom. In a civil suit, the parties do not have a constitutional right to be personally present during trial. *See Faucher v. Lopez*, 411 F.2d 992, 996 (9th Cir.1969). *Faucher* was a bankruptcy case in which the alleged bankrupt could not attend a jury trial on the issue of her insolvency. On appeal, she argued that her due process rights were violated because she was unable to be present at the trial. We rejected this claim, noting that Appellant was ably represented at trial by counsel and that "[t]here is no constitutional right of a litigant to be personally present during the trial of a civil proceeding." *Id.* This case presents a more difficult question because Kulas was a pro se litigant. Therefore, the district judge not only excluded the plaintiff in this case, but removed the plaintiff and his counsel.

The Supreme Court has recognized that parties in a civil trial have a right "to be present in person or by counsel at all proceedings from the time the jury is impaneled until it is discharged after rendering the verdict." *Fillippon v. Albion Vein Slate Co.*, 250 U.S. 76, 81, 39 S.Ct. 435, 63 L.Ed. 853 (1919). Since then two other circuits have affirmed the right under the Due Process Clause of the Fifth Amendment for the plaintiff or plaintiff's counsel to be present during a civil trial. *See Helminski v. Ayerst Laboratories*, 766 F.2d 208 (6th Cir.1985); *Arrington v. Robertson*, 114 F.2d 821, 823 (3d Cir.1940).

However, these cases involved review of a district judge's decision to answer jury questions outside the presence of plaintiff or his counsel; they did not address the rights of a disorderly plaintiff or plaintiff's attorney to remain in the courtroom. Where a plaintiff continually disrupts the proceedings, substantially different issues are at stake. In those circumstances, we must weigh the plaintiff's interest in being present against the need for order in the courtroom and the defendant's right to a fair trial.

■ We turn, therefore, to cases in the criminal context for guidance. A criminal defendant's right to be present at his trial is clearly established, but even that right is not absolute. *See Illinois v. Allen*, 397 U.S. 337, 343, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Polizzi v. United States*, 550 F.2d 1133, 1137 (9th Cir.1976). While the trial judge should take steps to insure the defendant's presence at trial, she has discretion to remove a disruptive defendant. *Allen*, 397 U.S. at 343, 90 S.Ct. 1057 ("[A] defendant can lose his right to be present at trial if, after he has been warned, by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom."). Since the trial judge bears the responsibility for maintaining order and the appellate court is limited to reviewing a cold record, we give substantial deference to the trial judge's decisions about courtroom management. This is true even where the defendant is pro se. *See Badger v. Cardwell*, 587 F.2d 968, 970–71 (9th Cir.1978). The pro se defendant in *Badger* was removed three times for disruptive behavior during his trial. We recognized that a pro se defendant's right to

THE COURT: Have him available.

Tr. Mar. 30, 1999, p. 34–36.

confront his accuser must be balanced against the need for decorum in the courtroom. The first removal was proper because the defendant's actions in baiting the judge and raising his fists challenged the court's authority and indicated that so long as the defendant was in the courtroom the trial could not proceed fairly and efficiently. *Id.* at 973. The second and third expulsions, however, were improper because the defendant behavior simply showed an inartful, and at times irrelevant, method of questioning witnesses. The defendant frequently apologized for his errors and his conduct did not indicate opposition to the concept of trial itself. *Id.* at 974–76.

While Kulas' behavior falls somewhere between the conduct that warranted removal in *Badger* and the conduct that did not, we recognize that a pro se plaintiff's interest in remaining in the courtroom is entitled to less protection than a criminal defendant's. Unlike the criminal defendant's constitutional right to confront his accusers, the plaintiff in a civil suit enjoys the privilege of access to the courts-a privilege that is contingent on observing basic decorum and respect for the court. In addition, a plaintiff's disruptive behavior, if left unchecked, will interfere with the defendant's right to a fair trial. Thus, the district judge has substantial discretion to remove a disruptive pro se plaintiff. We find that Kulas' behavior justified his removal. While the district judge should have explored other options short of removing Kulas (e.g., holding him in contempt, postponing the proceedings), Kulas was warned that he would be removed if he continued to disrupt the proceedings and he manifested a clear intent to prevent defense counsel's cross-examination. Therefore, the district judge properly exercised his discretion to remove Ku-las until he could conduct himself more appropriately.

### E. RECUSAL

We reject Kulas' claim that the district judge was biased against him and, therefore, should have recused himself. "[R]ecusal is appropriate where a reasonable person with knowledge of all the facts would conclude that [the] judge's impartiality might reasonably be questioned." *Moideen v. Gillespie,* 55 F.3d 1478, 1482 (9th Cir.1995). Kulas's bias allegations are based entirely on the district judge's pretrial and trial rulings, none of which reveals a sufficient degree of antagonism to require recusal. *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

**AFFIRMED.**