moot.[4]

Cathy O'BRIEN, aka Catherine O'Brien, Plaintiff—Appellant,

v.

MAUI COUNTY; Howard Tagamori, Individually and as the Former Maui County Chief of Police; Jeffrey J. Tanoue, Individually and as Sergeant of the Maui County Police Department, Domestic Violence Unit; Alice Lee, Individually and as Chairperson of the Domestic Violence Task Force of Maui County; Richard T. Bissen, Jr., Individually and as Prosecuting Attorney for Maui County and as a member of the Maui County Domestic Violence Task Force; Timothy Rock; John Does 1 Through 10; Jane Does 1 Through 10; Doe Corporations 1 Through 10; Doe Unincorporated Associations, Including Partnerships 1 Through 10, Defendants—Appellees.

No. 00–16571.

D.C. No. CV 98–0594 PMP.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2002.[*]

Decided June 4, 2002.

---

4. Granite's cross-appeal was conditioned upon a remand on Aetna's appeal.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Before WALLACE, TASHIMA, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Cathy O'Brien was a victim of domestic violence for approximately two years, during which time she made repeated complaints to the Maui County Police Depart-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

ment ("MCPD"). In this action, brought under 42 U.S.C. § 1983, O'Brien claims that Maui County, MCPD, and county officials violated her constitutional rights by failing adequately to train police officers on domestic violence and failing to protect her from abuse. The district court granted summary judgment to defendants on all claims. It also denied O'Brien's motions to compel discovery. We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we affirm.

## I. DISCUSSION

### A. Claims Under 42 U.S.C. § 1983

O'Brien alleged that former MCPD Police Chief Howard Tagamori and MCPD Sergeant Jeffrey Tanoue violated her due process rights by failing to protect her from domestic violence. The district court granted summary judgment in favor of Tagamori and Tanoue on qualified immunity grounds on these claims.[2]

"[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established ... constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (citations omitted). There is generally no constitutional duty on the part of government officials to protect members of

the public against harm inflicted by third parties. *DeShaney v. Winnebago County Dep't of Social Serv.,* 489 U.S. 189, 196–97, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). We have identified two exceptions to this rule. The government assumes the constitutional duty to protect a person when it: (1) creates a "special relationship" with that person; or (2) affirmatively places that person in danger. *Wang v. Reno,* 81 F.3d 808, 818 (9th Cir.1996) (per curiam). Neither exception applies to this case.

A special relationship may exist where the state has "created or assumed a custodial relationship toward the plaintiff," where it "affirmatively placed the plaintiff in a position of danger,"[3] where it "was aware of a specific risk of harm to the plaintiff," or where "the state affirmatively committed itself to the protection of the plaintiff." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 700 (9th Cir.1988). The district court correctly concluded that O'Brien's evidence was insufficient to show that a special relationship existed. As the district court noted, it is undisputed that O'Brien was not in custody during the time that any abuse occurred and therefore no special obligation to protect arose on that basis. Moreover, the fact that O'Brien had obtained restraining orders on several occasions and alerted MCPD officers to the threat posed by Rock did not give rise to a special relationship under this Circuit's precedent. *See id.* at 698–700.

---

1. We earlier issued an order to show cause ("OSC") why this appeal should not be dismissed for lack of appellate jurisdiction, *i.e.,* lack of a final, appealable judgment, as required by 28 U.S.C. § 1291. Our review of the record indicated that no judgment had been entered on O'Briens claims against defendant Timothy Rock. In response to the OSC, O'Brien filed a notice of voluntary dismissal of all of her claims against Rock, pursuant to Fed.R.Civ.P. 41(a)(1)(i). This dismissal rendered the district court's judgment a "final decision" for purposes of § 1291.

*See Duke Energy Trading & Mktg., L.L.C. v. Davis,* 267 F.3d 1042, 1049 (9th Cir.2001), *petition for cert. filed,* 70 U.S.L.W. 3580 (U.S. Mar. 5, 2002) (No. 01–4312). We therefore *now* have jurisdiction under § 1291.

2. We review *de novo* the district court's grant of summary judgment in a § 1983 action. *Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000).

3. This "special relationship" is discussed below under the "danger creation" exception.

■ O'Brien fares no better under the "danger creation" exception. "The 'danger creation' basis for a claim ... necessarily involves affirmative conduct on the part of the state in placing the plaintiff in danger." *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir.1992). To determine whether defendants affirmatively placed O'Brien in danger, we must focus on "whether the officers left [her] in a situation that was more dangerous than the one in which they found [her]." *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000). Viewing the evidence in the light most favorable to O'Brien, the facts here do not support such a conclusion. Between 1995 and 1997, Rock was arrested on three separate occasions for abusing O'Brien. There is no evidence that in any of these situations the police affirmatively imperiled O'Brien's physical safety. To the contrary, the evidence shows the police repeatedly taking action to intervene in incidents of physical violence and arresting the responsible party. Therefore, this case does not present the type of affirmative official conduct that we have held falls within the ambit of the danger creation exception. *See id.* at 1087; *Grubbs*, 974 F.2d at 123; *Wood v. Ostrander*, 879 F.2d 583, 589–90 (9th Cir.1989).[4]

■ O'Brien next turns to the district court's dismissal of her due process claims against Maui County. Her allegations against Maui County mirror those against the individual defendants: that Maui County violated her due process rights by failing adequately to train its police offi-

cers and failing to protect her from domestic violence. A local government entity may be liable under § 1983 if it has a "policy of inaction and such inaction amounts to a failure to protect constitutional rights." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) (citing *City of Canton*, 489 U.S. at 388, 109 S.Ct. 1197). The custom or policy of inaction, however, must be the result of a "conscious," *City of Canton*, 489 U.S. at 389, 109 S.Ct. 1197, or "deliberate choice to follow a course of action," *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (Brennan, J., plurality opinion).

■ O'Brien has not shown that Maui County consciously or deliberately pursued a policy of inaction with respect to her constitutional rights. Any connection between MCPD's alleged noncompliance with regulations promulgated under the Violence Against Women Act and an alleged broader policy of denying protection to domestic violence victims is too attenuated to support O'Brien's municipal liability theory. Further, the district court did not err in determining that the declarations of four other domestic violence survivors were not enough to prove a § 1983 violation against the county.[5]

■ Finally, O'Brien contends that the district court erred in granting summary judgment to defendants on her equal protection claims. It held that these claims failed because O'Brien had not provided any evidence of discriminatory intent. We

---

4. O'Brien also argues that the county violated her due process rights by failing adequately to train police officers on domestic violence enforcement. This argument also fails. Section 1983 liability for failure to train requires that such failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103

L.Ed.2d 412 (1989). O'Brien has not established deliberate indifference on the facts of this case.

5. We note also that the county prosecutor's decision not to pursue a case against Rock is protected by absolute immunity. *See Roe v. City and County of San Francisco*, 109 F.3d 578, 583 (9th Cir.1997).

agree. "[A] long line of Supreme Court cases makes clear that the Equal Protection Clause requires proof of discriminatory *intent* or *motive*." *Navarro v. Block,* 72 F.3d 712, 716 (9th Cir.1995) (citations omitted). Other than proffering evidence of irregular domestic violence training and arguably improper police responses to several domestic violence victims, O'Brien has failed to provide evidence of the requisite "invidious intent" to prove an equal protection violation. *See id.* at 717. Accordingly, we affirm the district court's grant of summary judgment in favor of the Maui County defendants on the equal protection issue.

### B. Discovery Requests

 O'Brien also contends that the district court erred in denying several discovery requests.[6] The district court denied O'Brien's motion to compel the production of the personnel files of the Maui County prosecutors and specific police officers. As these personnel files have no demonstrable relevance to O'Brien's claims, the district court did not abuse its discretion in denying O'Brien's requests in this regard. The other discovery denials at issue addressed O'Brien's requests for information regarding Maui County's domestic violence prosecution policies; documents related to complaints, investigative reports, and prosecution records for domestic violence and other violent crimes; and documents related to victim and witness protection policies. In denying O'Brien's motion to compel responses, the district court ruled that O'Brien's requests were irrelevant, overbroad, and unduly burdensome. Given the unduly expansive scope and dubious necessity of the documents O'Brien sought, we hold that the district court did not abuse its discretion in denying O'Brien's requests.

### C. Negligence Claims

 Having disposed of all of O'Brien's federal claims on summary judgment, the district court declined to assert supplemental jurisdiction over O'Brien's state law negligence claims. O'Brien contends that this constituted reversible error.[7] There is no basis for her contention. Under 28 U.S.C. § 1367(c)(3), a district court may, in its discretion, decline to exercise supplemental jurisdiction over related state law claims once it has "dismissed all claims over which it has original jurisdiction...." As the district court properly dismissed the federal claims, it did not abuse its discretion in dismissing the state law negligence claims as well. *See Ove v. Gwinn,* 264 F.3d 817, 826 (9th Cir.2001).

## II. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

**6.** We review the district court's discovery rulings for an abuse of discretion. *Kulas v. Flores,* 255 F.3d 780, 783 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1557, 152 L.Ed.2d 480 (2002).

**7.** We review the district court's decision whether to retain jurisdiction over supplemental state law claims for abuse of discretion. *Brown v. Lucky Stores, Inc.,* 246 F.3d 1182, 1187 (9th Cir.2001).