**Abe WILLIAMS, Jr., Plaintiff—Appellant,**

v.

**Theresa ROCHA, Warden; et al., Defendants—Appellees.**

No. 01–16836.

D.C. No. CV–96–01053–GEB(DAD).

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Abe Williams, Jr., a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging he was improperly disciplined and denied access to the courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

The district court properly granted summary judgment on Williams' claim that he was denied due process when prison officials subjected him to an erroneous disciplinary report because this claim is precluded by *Heck v. Humphrey,* 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See Edwards v. Balisok,* 520 U.S. 641, 646, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (Precluding challenges to procedures used in prison disciplinary hearings).

The district court properly granted summary judgment on Williams' claim that he was denied due process when he received notice of his disciplinary charge 6 days after the expiration of the regulatory notice period, because Williams failed to show that he was subject to an "atypical and significant hardship" *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

The district court properly granted summary judgment on Williams' claim that prison officials deprived him of access to the courts, because he failed to show that prison officials caused him to untimely file his petition for certiorari with the United

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

States Supreme Court. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

There is no support in the record for Williams' contention that the district judge or magistrate judge were biased against him. *See* 28 U.S.C. § 455(a).

The district court did not abuse its discretion in denying Williams' request for production of certain confidential memoranda and for permission to review certain deposition transcripts. *See Kulas v. Flores,* 255 F.3d 780, 783 (9th Cir.2001).

We reject Williams' remaining contentions.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.