Shirley Pico UNTALAN, Plaintiff—
Appellant,

v.

KAPIOLANI MEDICAL CENTER,
Defendant—Appellee.

No. 01–15738.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2003.

Decided June 13, 2003.

Before: GOODWIN, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM *

Shirley Pico Untalan appeals the district court's[1] denial of her request for a jury trial, and its grant of summary judgment in favor of her former employer, Kapiolani Medical Center ("Kapiolani"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the facts are known to the parties, we do not recite them here. The district court properly denied Untalan's untimely demand for a jury trial.[2] Untalan waived her right to a jury trial when she failed to make her demand within "10 days after the service of the last pleading directed to such issues."[3] Thereafter, it is within the district court's discretion to grant Untalan a jury trial.[4] However, where, as here, the district court correctly concluded that it was "mere inadvertence" that explained why Untalan had not made an earlier request, the district court lacked discretion to grant a jury trial.[5] Indeed, Untalan's counsel attempted to excuse the delay by saying he had been busy with

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The parties consented to proceed before a magistrate judge. For convenience, we refer to the magistrate judge as the district court.

2. We review a district court's decision to deny a jury trial for abuse of discretion. *Kulas v. Flores*, 255 F.3d 780, 783 (9th Cir.2001), *cert. denied*, 535 U.S. 995, 122 S.Ct. 1557, 152 L.Ed.2d 480 (2002).

3. FED. R. CIV. P. 38(b), (d).

4. FED. R. CIV. P. 39(b) ("[T]he court in its *discretion* ... may order a trial by a jury ....") (emphasis added).

5. *Craig v. Atlantic Richfield Co.*, 19 F.3d 472, 477 (9th Cir.1994) (holding that "oversight, inadvertence, [or] inexcusable neglect" cannot be grounds for a district court using its discretion to grant a jury trial) (internal quotation marks omitted).

settlement negotiations and discovery and that he had been out of town for two weeks. His excuses do not justify the delay. Accordingly, we hold that the district court properly denied Untalan's untimely request for a jury trial.

■ The district court also properly granted summary judgment in favor of Kapiolani as to Untalan's Title VII[6] employment discrimination claims.[7] Untalan failed to make out a prima facie case that her employer intentionally discriminated against her because she is Filipino.[8] She offered no evidence that Kapiolani treated persons of different national origins differently than Kapiolani treated her. Likewise, she offered no evidence that Kapiolani discriminated against other Filipinos either. On the contrary, the record shows that Kapiolani terminated Untalan because she was insubordinate. Therefore, we hold the district court properly granted summary judgment for Untalan's Title VII discrimination claim.

■ Untalan also asserted a discrimination claim under the Americans with Disabilities Act ("ADA"). Untalan failed to make a prima facie showing that Kapiolani terminated her because of a perceived disability.[9] Untalan originally accepted, but ultimately failed to comply with, her conditional six-month suspension. She provided no evidence that Kapiolani would have refused to take her back had she complied with her conditional suspension. Thus, the record shows that Kapiolani terminated Untalan because she failed to comply with her suspension terms, rather than because it perceived her as disabled. Therefore, we hold that the district court properly granted summary judgment as to Untalan's ADA claim.

■ Untalan's retaliation claim fails to survive summary judgment as well. She offers no causal link between her union complaints and her termination.[10] Rather, Kapiolani provided uncontroverted evidence that it terminated Untalan because of her misconduct and violent threats. Thus, we hold that summary judgment was proper as to Untalan's retaliation claim also.

Untalan's state law claims fail on the merits. Nothing that happened to Untalan on November 27, 1998 (or thereafter) was unreasonable or outrageous for purposes of the intentional infliction of emotional distress ("IIED") claim.[11] Furthermore, she does not make any showing of a predicate physical injury as Hawaii law requires for negligent infliction of emotional distress ("NIED").[12] Therefore, we hold that the district court properly granted summary judgment as to Untalan's IIED and NIED claims.

Finally, Untalan's privacy claim cannot survive summary judgment. She stipulated that her claim was based on Article I, Section 6 of the Hawaii constitution.

---

6. 42 U.S.C. § 2000e–2(a)(1).

7. We review grants of summary judgment de novo. *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002).

8. *Sischo–Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1109 (9th Cir.1991) (requiring a showing of intentional employer discrimination).

9. 42 U.S.C. § 12102(2)(C) (defining disability as "being regarded as having such an impairment").

10. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir.2000) (requiring a causal link between a protected activity and an adverse action to prove a prima facie case of retaliation under Title VII).

11. *Dunlea v. Dappen*, 83 Hawai'i 28, 924 P.2d 196, 206 (Haw.1996).

12. *Doe Parents No. 1 v. State Dep't of Ed.*, 100 Hawai'i 34, 58 P.3d 545, 580–82 (Haw.2002) (excepting from the physical injury requirement a limited set of circumstances that are not present here).

However, her claim fails to demonstrate state action, as required for state constitutional claims.[13] Accordingly, we hold that the district court appropriately granted summary judgment.

The parties' requests for attorney fees and costs are denied. For the reasons stated above, we affirm the district court.

AFFIRMED.

13. *George v. Pacific–CSC Work Furlough,* 91 F.3d 1227, 1229 (9th Cir.1996) (per curiam) ("Individuals bringing actions against private parties for infringement of their constitutional rights ... must show that the private parties' infringement somehow constitutes state action.").