MACPHERSON'S INC; MacPherson's Property Management Inc, Plaintiffs—Appellants,

v.

WINDERMERE REAL ESTATE SERVICES COMPANY; Windermere Real Estate South Inc; WPM Inc; WPM South LLC; Edward Verdi; Kris Verdi, husband and wife and their marital community; Gwendolyn Eldridge; John Doe Eldridge, wife and husband and their marital community; Laura Gordon; John Doe Gordon, wife and husband and their marital community; Pamela Jones; John Doe Jones, wife and husband and their marital community; Debra Pohlenz; John Doe Pohlenz, wife and husband and their marital community; James Laws; Jane Doe Laws, husband and wife and their marital community; Rick Menti; Jane Doe Menti, husband and wife and their marital community; Michael Ratcliffe; Jane Doe Ratcliffe, husband and wife and their marital community; Windermere Real Estate Co; Windermere Real Estate/Bellevue Commons Inc; Windermere Real Estate/BI Inc, Windermere Real Estate/Capitol Hill Inc; Windermere Real Estate/East Inc; Windermere Real Estate/Fountleroy Inc; Windermere Real Estate/HH Inc; Windermere Real Estate/HKW Inc; Windermere Real Estate/Maple Valley Inc; Windermere Real Estate North Inc; Windermere Real Estate/Northeast Inc; Windermere Real Estate/Northwest Inc; Windermere Real Estate/OAK Tree Inc; Windermere Real Estate/Renton Inc; Windermere Real Estate/SBA Inc; Windermere Real Estate/SCA Inc; Windermere

Real Estate/SG Inc; Windermere Real Estate/Vashon Island Inc; Windermere Real Estate/Wall Street Inc; Windermere Real Estate/Washington Inc; Windermere Real Estate/Washington Referral Resources Inc; Windermere/West Campus Inc; Windermere Relocation Inc; Windermere South Referral Associates Inc, Defendants—Appellees.

No. 03–35107.

D.C. No. CV–01–01885–MJP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2004.

Decided May 25, 2004.

Robert L. Wilson, Esq., Seattle, WA, for Plaintiffs–Appellants.

Matthew F. Davis, Esq., Rohan, Goldfarb & Shapiro, John W. Demco, Demco Law Firm, P.S., Seattle, WA, for Defendants–Appellees.

Before HUG, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM *

This is an appeal from the district court's grant of summary judgment for

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

defendants. The parties are familiar with the factual and procedural background of this case, so we recount it here only as necessary to explain our decision. Macpherson's, Inc. and Macpherson's Property Management, Inc. (collectively, "Macpherson") are a real estate brokerage and property management firm under common ownership.

The many defendants in this action fall into two categories. The first category consists of Windermere Real Estate Services Company and its independently owned franchisees (collectively "Windermere"). Macpherson alleges that these defendants conspired in various ways to restrain trade in violation of federal antitrust laws. The second group of defendants consists of Windermere South, a Windermere franchisee offering property management services, and a group of individuals who left the employ of Macpherson Property Management to work at Windermere South. Macpherson alleges, inter alia, against these defendants breach of contract and misappropriation of trade secrets under Washington law, invoking the district court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

The district court granted summary judgment as to all defendants on the antitrust and trade secret claims. It granted summary judgment as to individual defendants Eldridge and Verdi on the breach of contract claim. Macpherson met each summary judgment motion with a request for a continuance under Federal Rule of Civil Procedure 56(f). The district court denied each of these requests. ·Macpherson appeals these summary judgments, denial of its three Rule 56(f) motions, and a number of the district court's other discovery rulings. We have jurisdiction over this matter as a timely appeal from the district court's final judgment. 28 U.S.C. § 1291. We affirm the district court in all respects.

## I.

We review the district court's denials of Macpherson's Rule 56(f) motions for abuse of discretion. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir.2002). We review the district court's other discovery rulings for abuse of discretion as well. *See Kulas v. Flores*, 255 F.3d 780, 783 (9th Cir.2001). As to the merits of the case, we examine the grants of summary judgment de novo. *See Coszatler v. City of Salem*, 320 F.3d 968, 973 (9th Cir.2003); *County of Toulumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir.2001).

## II.

A district court abuses its discretion under Rule 56(f) only where "the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir.2002) (internal quotations omitted). An examination of the record and of the voluminous filings made by the plaintiffs in this case reveals that additional discovery would not have aided Macpherson to avoid summary judgment on any of the three motions. Macpherson has not identified any specific evidence that it sought with further discovery and their difficulties in opposing summary judgment were more related to an inability to timely file evidence than to its unavailability. The district court was within its discretion in denying the Rule 56(f) motions.

The same is true with respect to the district court's other challenged discovery rulings. "Broad discretion is vested in the trial court to permit or deny discovery and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actu-

al and substantial prejudice to the complaining litigant." *Sablan v. Dept. of Fin.,* 856 F.2d 1317, 1321 (9th Cir.1988). There has been no showing of prejudice to Macpherson. Accordingly, we affirm the district court's discovery rulings, and move on to its orders granting summary judgment.

### III.

Macpherson failed to raise a triable issue of fact with respect to its antitrust standing. Antitrust violations not causing injury to the plaintiff are not cognizable in a private suit. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 582–83, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Antitrust standing requires that a plaintiff show: 1) unlawful conduct; 2) causing injury to plaintiff; 3) that flows from that which makes the conduct unlawful; 4) and is the type of injury that antitrust law guards against. *Am. Ad Mgmt. v. GTE Cal.,* 190 F.3d 1051, 1054 (9th Cir.1999).

■ Macpherson failed on points one and two. First, much of the conduct alleged, even if illegal, could not be injurious to Macpherson. For example, Macpherson alleged a conspiracy to fix prices *above* what the market would set. Absent monopoly power on the part of Windermere (of which Macpherson provided no evidence), this price fix would actually aid Macpherson's business by exerting upward pressure on the market price. The second problem with Macpherson's antitrust claim was that it provided no evidence of what Windermere was actually doing. Macpherson provided much speculation and opinion about what is possible, but no evidence of collusion between Windermere franchisees. Macpherson did not raised a triable issue of fact on its antitrust claim.

■ Similarly, Macpherson's breach of contract claim against Verdi and Eldridge

fails. Macpherson admitted pending discovery that Verdi and Eldridge had not signed a written agreement. Neither side produced an agreement and Macpherson never attempted to modify its admission. There was no evidence before the district court that any agreement contained the allegedly breached term. There was insufficient evidence to support a triable issue of fact on this claim as well.

■ Finally, Macpherson did not demonstrate an issue of fact as to its trade secret claim. The trade secret claim centered around former Macpherson employees soliciting business from Macpherson property management clients. Washington law affords trade secret protection to customer lists where the list is 1) a compilation of information; 2) valuable because it is unknown to others; 3) subject to reasonable efforts to maintain its secrecy. *Ed Nowogroski Ins. Co. v. Rucker,* 137 Wash.2d 427, 971 P.2d 936, 944 (1999). The record shows that Macpherson sold nearly all of the information on its customer lists to appraisers. The remaining information was sufficiently easy for an interested competitor to discover that the lists cannot be protected as trade secrets. *See id.*

### IV.

Windermere requested sanctions on appeal under Federal Rule of Appellate Procedure 38. While Macpherson has not prevailed, we cannot say that their arguments were so wholly without merit or that the outcome of this appeal was obvious. *See Taylor v. Sentry Life Ins. Co.,* 729 F.2d 652, 656 (9th Cir.1984). As to the merits of this appeal, the district court is in all respects, AFFIRMED.