MEMORANDUM **
Laborers’ International Union of North America National Industrial Fund, LIU-NA Staff and Affiliate Pension Fund, and Daniel Huffman (collectively, “Appellants”) appeal from the district court’s dismissal of their claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23.1(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
*130 We review for abuse of discretion the district court’s finding that it would not have been futile for Appellants to make demand on Computer Sciences Corporation’s directors. See In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 983 (9th Cir.1999).[1] We also review for abuse of discretion the district court’s denial of the Appellants’ motion to compel the production of documents. See Kulas v. Flores, 255 F.3d 780, 783 (9th Cir.2001).
The district court did not abuse its discretion in dismissing the Appellants’ amended complaint with prejudice. We agree with the district court that Rales v. Blasband, 634 A.2d 927 (Del.1993), governs Appellants’ claims of demand futility. Appellants failed to plead with sufficient particularity that the option grants were approved by or reasonably attributable to a majority of the board members. They also failed to allege that they owned stock at all times relevant to the transactions in question, as required by Federal Rule of Civil Procedure 23.1.
Applying the Rales test, the district court correctly concluded that the amended complaint lacks particularized allegations raising a reasonable doubt that, as of the time the original complaint was filed, a majority of CSC’s board “could have properly exercised its independent and disinterested business judgment in responding to a demand.” Rales, 634 A.2d at 934; see Ryan v. Gifford, 918 A.2d 341, 355 (Del.Ch.2007). Appellants did not satisfy their heavy burden of overcoming the presumption of board independence. See In re Silicon Graphics, 183 F.3d at 990. We are not persuaded by Appellants’ argument that they “could not possibly have pleaded” more particularized facts related to the role of each board member in the allegedly improper stock option practices. Like other shareholders, they had “the tools at hand to develop the necessary facts for pleading purposes,” Brehm, 746 A.2d at 266 (internal quotation marks omitted); see Rales, 634 A.2d at 934 n. 10, such as the minutes of board and committee meetings.
Nor did the district court abuse its discretion in denying Appellants’ motion to compel the production of documents pursuant to the Private Securities Litigation Reform Act of 1995 (“PSLRA”). Appellants’ arguments as to why the PSLRA does not apply to its derivative suit are not persuasive. See SG Cowen Sec. Corp. v. U.S. Dist. Court, 189 F.3d 909, 913 n. 1 (9th Cir.1999) (“Congress’ attempt to address [concerns of discovery abuse] would be rendered meaningless if securities plaintiffs could circumvent the stay simply by asserting pendent state law claims in federal court in conjunction with their federal law claims.” (alteration in original) (internal quotation marks omitted)). Appellants also failed to demonstrate that lifting the stay of discovery was necessary “to prevent undue prejudice.” 15 U.S.C. § 78u-4(b)(3)(B); see Scattered Corp. v. Chi. Stock Exch., Inc., 701 A.2d 70, 77 (Del.1997), overruled on other grounds by Brehm, 746 A.2d at 254.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Appellants identify problems with the standard of review set forth in In re Silicon Graphics. We find Appellants' arguments persuasive, especially in light of the Delaware Supreme Court’s rejection of the abuse of discretion standard in favor of de novo review. See Brehm v. Eisner, 746 A.2d 244, 253-54 (Del.2000) (en banc); see also Scalisi v. Fund Asset Mgmt., L.P., 380 F.3d 133, 137 & n. 6 (2d Cir.2004) (disapproving of the abuse of discretion standard). Because we would reach the same conclusion under either standard, however, we do not decide this issue.