MEMORANDUM *
Appellant Bernard Kalilikane (Kalili-kane) appeals his convictions for armed *405 bank robbery, armed credit union robbery, using a firearm during a crime of violence, and felon in possession of a firearm and ammunition. We affirm Kalilikane’s convictions.
1. The district court did not abuse its discretion in denying Kalilikane’s motion to further substitute counsel. See United States v. Mendez-Sanchez, 563 F.3d 935, 942 (9th Cir.2009) (discussing standards).
2. The district court properly held that Kalilikane failed to unequivocally waive his right to counsel as required for self-representation. See id. at 945-46.
3. The district court properly denied Kalilikane an opportunity to continue his testimony, because of Kalilikane’s disruptive behavior and the inadmissibility of Kalilikane’s proffered testimony. See United States v. Pino-Noriega, 189 F.3d 1089, 1095 (9th Cir.1999) (“[A] defendant’s right to testify is not unduly restricted by rules limiting a defendant’s testimony to relevant matters ... ”) (citation omitted) (emphasis in the original); see also United States v. Johnson, 820 F.2d 1065, 1074 (9th Cir.1987) (“[A] defendant can waive [the] right to testify through contumacious conduct.”) (citation omitted).
4. Any error resulting from the shackles and prison attire was harmless, because Kalilikane brought the shackles to the jury’s attention; the district court instructed the jury to disregard Kalilikane’s remarks concerning the shackles; Kalilikane chose to dress in prison attire; and there was overwhelming evidence of Kalilikane’s guilt. See United States v. Olano, 62 F.3d 1180, 1190 (9th Cir.1995) (The defendant “must demonstrate actual prejudice to establish a constitutional violation.”) (citation omitted); see also Townsend v. Knowles, 562 F.3d 1200, 1209 (9th Cir.2009) (“The law presumes that the jury follows the instructions given.”) (citation omitted).
5. Kalilikane’s disruptive behavior warranted his removal from the courtroom. See Kulas v. Flores, 255 F.3d 780, 786 (9th Cir.2001) (“A defendant can lose his right to be present at trial if, after he has been warned[] by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom.”) (citation and alteration omitted).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *405 by 9 th Cir. R. 36-3.