FILED

**NOT FOR PUBLICATION**

FEB 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE E. JACOBS, IV, | No. 13-15451 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00369-JLT |
| v. | |
| JEANNE S. WOODFORD, et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| J. MASIEL, et al. | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Argued and Submitted February 4, 2015
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TALLMAN and RAWLINSON, Circuit Judges, and MURPHY, District Judge.[**]

George E. Jacobs, IV appeals from the district court's judgments entered in this civil rights action. Jacobs makes three assignments of error. He claims the district court abused its discretion by denying his motion to subpoena documents and his request to recall Defendant Martinez for impeachment, and erred in instructing the jury regarding his excessive force claim. We have jurisdiction under 28 U.S.C. § 1291 (2012). Because we find no reversible error, we affirm.

**1.** District court rulings concerning discovery issues are reviewed for abuse of discretion. *Kulas v. Flores*, 255 F.3d 780, 783 (9th Cir. 2001). "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). In light of Jacobs's lack of diligence throughout the eight-month discovery period, we find the district court did not abuse its discretion by declining to re-open discovery. *See Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990). Similarly, the district court did not abuse its discretion by evaluating Jacobs's request as one for a trial subpoena and denying his motion on the ground that there would be

[**] The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

insufficient time to order incarcerated witnesses transported to the courthouse. Fed. R. Civ. P. 45(d)(3)(A)(i).

2.      We review a district court's evidentiary rulings for abuse of discretion. *Wagner v. Cnty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013). We agree that the district court's explanation of its decision was based on an inaccurate recollection of Martinez's testimony. Even so, the decision to permit a party to recall a witness is discretionary, and we do not find the district court's decision erroneous. *See Rodella v. United States*, 286 F.2d 306, 309 (9th Cir. 1960). Furthermore, the district court's decision was not prejudicial, as Jacobs had two opportunities to impeach Martinez—during direct examination and re-direct—and failed to do so.

3.      "Jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005) (internal quotation omitted). Jacobs failed to preserve an objection to the district court's jury instructions, so we review for plain error only. *C.B. v. City of Sonora*, 769 F.3d 1005, 1016 (9th Cir. 2014) (en banc). We consider "whether (1) there was an error; (2) the error was obvious, and (3) the error affected substantial rights." *Id.* at 1018. The district court's excessive force

3

instruction drawn from Ninth Circuit Model Jury Instructions correctly stated the

law. For this reason, we find no error.

**AFFIRMED**.