**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD MANUEL BURGOS,

               Plaintiff - Appellant,

    v.

ROBERT LONG; et al.,

               Defendants - Appellees.

No. 14-15279

D.C. No. 2:11-cv-01906-JAM-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 7, 2015[**]

Before:     FISHER, TALLMAN, and NGUYEN, Circuit Judges.

    Former California state prisoner Richard Manuel Burgos appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs. We have jurisdiction under 28

U.S.C. § 1291. We review de novo, *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1062, 1074 (9th Cir. 2013), and we affirm.

The district court properly granted summary judgment because Burgos failed to show a genuine dispute of material fact as to whether prison staff were deliberately indifferent to his serious medical needs with regard to his cell assignment. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health[.]").

The district court acted within its discretion in denying Burgos's motion to compel defendants to respond to his late discovery requests and in denying his motion to supplement his opposition to summary judgment with a declaration from another inmate. *See Kulas v. Flores*, 255 F.3d 780, 783 (9th Cir. 2001) (setting forth standard of review for a district court's rulings concerning discovery and evidentiary issues).

The district court did not abuse its discretion in denying Burgos's motions to appoint counsel because Burgos did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirements for appointment of counsel).

Burgos's challenge to the denial of his motions for temporary restraining order and preliminary injunction is moot. *See Mt. Graham Red Squirrel v.*

*Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of preliminary relief would have no practical consequences, and the issue is therefore moot).

**AFFIRMED.**