**William MCNAMARA, Plaintiff—Appellant,**

v.

**Steve COOLEY; et al., Defendants—Appellees.**

No. 03–55002.
D.C. No. CV–02–05793–RSWL.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 21, 2003.

Before SCHROEDER, Chief Judge, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

William McNamara appeals pro se the district court's order dismissing his civil

---

* This panel unanimously finds this case suitable for decision without oral argument. Accordingly, we deny McNamara's request for oral argument and deny as moot appellees'

request to respond. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Racketeer Influenced and Corrupt Organizations Act ("RICO") action alleging that 35 individuals associated with his arrest and convictions in state court violated his constitutional and California state rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim. *See Howard v. America Online Inc.*, 208 F.3d 741, 746 (9th Cir.2000). We affirm.

McNamara's first amended complaint, like his original complaint, failed to allege facts to support claims that various judges, police, sheriff, court clerk, court reporters and others, violated his rights. *See Ivey v. Bd. of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir.1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."); *see also Howard v. America Online Inc.*, 208 F.3d 741, 748–51 (9th Cir.2000) (affirming dismissal of RICO claim based on conclusory allegations that failed to set forth the requisite elements).

The district court properly dismissed McNamara's Fourth Amendment claim because it was predicated upon conduct that occurred one year and one day before he filed his complaint and, therefore, was time-barred. *See Usher v. City of Los Angeles*, 828 F.2d 556, 558 (9th Cir.1987).

The district court properly dismissed McNamara's claims brought under criminal law statutes because the statutes do not provide a private right of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over McNamara's state law claims after it dismissed all of the claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir.2001).

McNamara's contention that the district judges committed "judicial abuse" and "misconduct" is completely baseless. Adverse rulings alone do not support a finding that the judges were biased. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir.1999). Therefore, the district court did not abuse its discretion by denying his motion to recuse. *See Kulas v. Flores*, 255 F.3d 780, 783 (9th Cir.2001).

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

