**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EUGENE FORTE,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>TIMOTHY SCHWARTZ,<br><br>          Defendant-Appellee. | No.   18-15619<br><br>D.C. No.<br>1:13-cv-01980-LJO-MJS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 28, 2020[**]

Before:     FARRIS, D.W. NELSON, and SILVERMAN, Circuit Judges.

Eugene Forte appeals pro se the district court's judgment after a jury trial in his civil rights action alleging that police officer Timothy Schwartz violated his Fourth Amendment rights by using excessive force in an arrest.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly exercised its discretion in denying Forte's motion for leave to amend his complaint to add a First Amendment retaliation claim. *See Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 760 (9th Cir. 2017) (standard of review). Given Forte's delay in moving to amend and the imminence of trial, the district court properly concluded that adding the new claim would prejudice defendant and cause undue delay in the proceedings. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The district court also did not abuse its discretion in denying Forte's motion for reconsideration. *See Havensight Capital, LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018).

We affirm the district court's evidentiary and discovery rulings. The district court properly exercised its discretion in quashing a subpoena of a witness whose testimony would not have been relevant to Forte's excessive force claims. *See* Fed. R. Evid. 401 (defining relevant evidence); *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 829 (9th Cir. 2019) (standard of review); *Felarca v. Birgeneau*, 891 F.3d 809, 816 (9th Cir. 2018) (stating elements of Fourth Amendment excessive force claim). The district court properly admitted evidence that Forte had filed another lawsuit and excluded as irrelevant detailed information about the other suit. *See* Fed. R. Evid. 401; *Erickson Prods., Inc.*, 891 F.3d at 816. The district court also properly exercised its discretion in denying Forte's requests for subpoenas without prejudice on the ground that the materials he sought were not relevant and would

impose an undue burden. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (a district court has broad discretion to permit or deny discovery).

The district court did not abuse its discretion in refusing to extend the deadline for filing a judicial disqualification motion at a time when trial was set for less than two months in the future. *See United States v. Mikhel*, 889 F.3d 1003, 1027 (9th Cir. 2018) (a recusal motion may be denied as untimely), *petition for cert. filed* (U.S. Feb. 7, 2019) (No. 18-7835). Further, District Judge O'Neill was not required to disqualify himself. *See* 28 U.S.C. § 455(a) (a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned"). Judge O'Neill's rulings at trial did not provide grounds for disqualification. *See United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017) (judicial rulings almost never provide a valid basis for recusal, and expressions of impatience or annoyance do not establish bias or partiality). The judge's imposition of a Fed. R. Civ. P. 11 sanction for filing a request "filled with offensive commentary" and the referral of Forte for criminal contempt proceedings also were rulings on matters before the court and did not show that the judge's impartiality might reasonably be questioned. *See id.*; *Marshall v. Marshall (In re Marshall)*, 721 F.3d 1032, 1042-43 (9th Cir. 2013) (judge's decision to impose sanction did not warrant recusal).

The district court properly exercised its discretion in refusing to reopen the time for Forte to object to the magistrate judge's findings and recommendations to dismiss certain claims. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (litigation management decisions are reviewed for an abuse of discretion). Forte has waived any argument regarding the dismissal of any particular claim. He neither objected to the magistrate judge's findings and recommendations nor raised such an argument in his opening brief. *See Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

Appellant's motion for judicial notice (Docket Entry No. 8) is **GRANTED**. We deny appellant's request for an investigation of the judges of the District Court for the Eastern District of California. Appellant's filing dated January 9, 2020 (Docket Entry No. 31), which we construe as a motion for judicial notice, is **DENIED**.

**AFFIRMED.**