NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY MARTINEZ, individually and as successor in interest to the estate of Justin Baldasano, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> COUNTY OF SAN BENITO; et al., <br><br> Defendants-Appellees. | No. 18-16744 <br><br> D.C. No. 4:15-cv-00331-JST <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted August 5, 2020[**]

Before: TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

Nancy Martinez appeals pro se the district court's judgment after a jury trial

in her civil rights action alleging that County of San Benito law enforcement

officers used excessive force in arresting her son Justin Baldasano, who suffered

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from mental illness. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's judgment.

The district court properly granted summary judgment on a claim of unlawful arrest in violation of the Fourth Amendment, because the record (viewed in the light most favorable to Martinez) showed that the officers had probable cause to arrest Baldasano for resisting an officer in violation of California Penal Code § 148(a)(1). *See Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009) (standard of review); *Torres v. City of L.A.*, 548 F.3d 1197, 1206-07 (9th Cir. 2008) (explaining probable cause and holding that "probable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense, regardless of their stated reason for the arrest"); *Smith v. City of Hemet*, 394 F.3d 689, 696-97 (9th Cir. 2005) (en banc) (plaintiff violated Penal Code § 148(a)(1) by, among other things, "repeatedly refusing to put his hands on his head and come down off the porch").

The district court properly granted judgment as a matter of law on a claim of denial of medical care in violation of the Due Process Clause of the Fourteenth Amendment, because Martinez did not present evidence that defendants' actions caused injury to Baldasano. *See Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 828 (9th Cir. 2019) (stating a district court's determination on a motion for a judgment as a matter of law is reviewed "de novo"); *Gordon v. Cty. of Orange*, 888 F.3d

1118, 1125 (9th Cir. 2018) (stating elements of claim).

Martinez's challenge to the jury's verdict on the excessive force claim is precluded by her failure to file a post-verdict motion for judgment as a matter of law or new trial under Federal Rule of Civil Procedure 50(b). *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089-90 (9th Cir. 2007) (to preserve a sufficiency-of-the-evidence challenge, a party must file both a pre-verdict motion under Rule 50(a) and a post-verdict motion for judgment as a matter of law or new trial under Rule 50(b)). Nevertheless, because Martinez is appearing pro se, we have examined her challenge to the jury's verdict in favor of the officers. After such review, we conclude it is supported by substantial evidence.

The district court properly entered judgment in favor of the County, because Martinez did not establish any constitutional violations concerning Baldasano's arrest or medical treatment. *See Park v. City & Cty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) ("A municipality may be held liable as a 'person' under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the deprivation of a plaintiff's federally protected rights.").

**AFFIRMED.**