**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLEN BERNARD SHAY, | No.   19-56482 |
| Plaintiff-Appellant, | D.C. No.<br>2:15-cv-04607-CAS-RAO |
| v. | |
| COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; CHRISTOPHER DERRY, Deputy; DOES, 1-10, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted March 17, 2021[**]
San Francisco, California

Before:  FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Allen Shay appeals pro se the judgment after a jury verdict on his 42

U.S.C. § 1983 claims against Detective Christopher Derry, the County of Los

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Angeles, and the Los Angeles County Sheriff's Department for violating his Fourteenth Amendment rights. He also appeals the district court's grant of summary judgment for Derry, the County, and the Sheriff's Department on his other claims. We affirm.[1]

The district court's failure to instruct the jury that it should inform the court about any confusing, ambiguous, or unclear language in the instructions was not error, let alone plain error. Shay did not ask for that instruction in the district court. Nor was the court otherwise required to give it. *See Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1065 (9th Cir. 2020) (en banc); *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 832 (9th Cir. 2019). It was enough for the district court to instruct the jury that if it needed to communicate with the court or ask a question during its deliberations, it could contact the court by sending a note through the bailiff. As a result, the omission of a specific instruction telling the jury to inform the court about any ambiguity was not error. Reviewing the instructions as a whole, we conclude that they adequately covered the issues presented, correctly

---

[1] We grant Shay's motion (9th. Cir. Dkt. 23) to file a late reply brief.

stated the law, and were not confusing. *See Erickson Prods.*, 921 F.3d at 828.[2]

Thus, the jury instructions as formulated were not erroneous and do not warrant

reversal of the verdict.

We decline to review Shay's other claims on appeal. Because a prior panel

of this court has already reviewed and affirmed the district court's grant of

summary judgment for Derry, the County, and the Sheriff's Department on Shay's

other claims, the law of the case doctrine precludes our review of those claims

here. *See Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc);

*Shay v. County of Los Angeles*, 762 F. App'x 416, 417–18 (9th Cir. 2019). Nor do

we consider arguments raised for the first time on appeal. *See Baccei v. United*

*States*, 632 F.3d 1140, 1149 (9th Cir. 2011); *Nitco Holding Corp. v. Boujikian*, 491

F.3d 1086, 1089–90 (9th Cir. 2007). As a result, none of Shay's other arguments

on appeal warrant reversal.

**AFFIRMED.**

---

[2] We will not permit Shay to impeach the verdict by using juror statements about their mental processes. *See* Fed. R. Evid. 606(b)(1); *United States v. Leung*, 796 F.3d 1032, 1036 (9th Cir. 2015).

19-56482