NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERICKSON PRODUCTIONS, INC.; JIM
ERICKSON,

Plaintiffs-Appellees,

v.

KRAIG RUDINGER KAST,

Defendant-Appellant.

No.    21-15459

D.C. No.
4:13-cv-05472-DMR

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Argued and Submitted February 9, 2023
San Francisco, California

Before:  HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Defendant-Appellant Kraig Kast and Plaintiffs-Appellees Erickson

Productions, Inc. and Jim Erickson (collectively, "Erickson") appear before us for

the second time in a dispute regarding Kast's unauthorized use of three copyrighted

photos on his developmental website.  In the initial proceeding, a jury found that

Kast willfully—vicariously and contributorily—infringed the copyrights and

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

awarded Erickson $450,000 in statutory damages. We resolved Kast's appeal of that judgment in a published opinion where we affirmed the contributory liability verdict and therefore affirmed the judgment, vacated the vicarious liability verdict, and vacated the jury's willfulness finding due to an error of law in the jury instruction. *See Erickson Prods. Inc. v. Kast*, 921 F.3d 822, 826 (9th Cir. 2019). We remanded for two issues: (1) whether Kast's infringement was willful, and (2) a determination of statutory damages. *See id.* at 833, 836.

On remand, given the panel's direction to resolve on the existing record whether Kast's contributory infringement was willful, the district court entered judgment without conducting a jury or bench trial. *See Sibbald v. United States*, 37 U.S. 488, 492 (1838). In that process, the district court found that Kast willfully infringed Erickson's copyrights and reinstated the maximum $450,000 statutory damages award under 17 U.S.C. § 504(c)(2). We now address Kast's second appeal of the district court's judgment. We have jurisdiction under 28 U.S.C. § 1291, and we remand.

The Seventh Amendment establishes the "right to a jury trial where the copyright owner elects to recover statutory damages." *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998). This encompasses the right to have a jury determine "all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act." *Id.* at 355. Willfulness is an issue pertinent to the

2

award determination because a willfulness finding dramatically expands the range of possible statutory damages. *See* 17 U.S.C. § 504(c)(2) (if infringement was willful the court may award statutory damages of up to $150,000 per work infringed).

Kast argues his Seventh Amendment right to a jury trial has not been satisfied because no properly instructed jury has ever determined willfulness or statutory damages. We agree. Early in the proceedings, Kast made a proper jury trial demand, but we vacated that verdict, in part, because "[t]he erroneous willfulness instruction was likely prejudicial to Kast . . . ." *Erickson*, 921 F.3d at 834. When we find an erroneous jury instruction was prejudicial, as here, the matter is typically remanded for a new trial. *See, e.g., Medtronic, Inc. v. White*, 526 F.3d 487, 499 (9th Cir. 2008); *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 208 (9th Cir. 1989) (error in trial court's instructions on copyrightability "constituted error requiring a new trial on the liability and damages phase of the infringement claim"). However, under the law of the case the district court believed it was bound by this court's mandate to decide the issues "on the existing record." *Erickson*, 921 F.3d at 833; *see Sibbald*, 37 U.S. at 492. Thus, no properly instructed jury has ever determined willfulness, and the appropriate remedy is a new trial on both issues.

Erickson argues Kast has waived any right to a second trial. We disagree. The "Seventh Amendment right to a jury trial, like other constitutional rights, can

3

be waived." *See Fuller v. City of Oakland*, 47 F.3d 1522, 1530 (9th Cir. 1995). However, "[b]ecause the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, . . . courts should indulge every reasonable presumption against waiver." *Solis v. City. of Los Angeles*, 514 F.3d 946, 953 (9th Cir. 2008) (*quoting Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir. 1981)). "A right so fundamental and sacred to the citizen . . . should be jealously guarded by the courts." *Jacob v. City of New York*, 315 U.S. 752, 752–53 (1942).

Erickson first argues that Kast expressly waived any right to a second trial by failing to demand it. Not so. The Federal Rules state that a proper jury demand can be withdrawn "only if the parties consent." Fed. R. Civ. P. 38(d). Consent must be knowing and voluntary. *Palmer v. Valdez,* 560 F.3d 965, 968 (9th Cir. 2009). "Trial on all issues so demanded must be by jury unless . . . the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record." Fed. R. Civ. P. 39(a). Kast's initial jury demand was neither satisfied by a properly instructed jury nor properly withdrawn with his knowing and voluntary consent. The fundamental right to a jury trial, without more, cannot be extinguished so easily.

Next, Erickson seeks to frame Kast's Rule 59 motion for a new trial as "a transparent attempt to relitigate" properly denied issues. Here, Erickson asks the court to analogize Kast's conduct at the management conference to knowing participation in a bench trial, and asks the panel not to allow Kast a second "bite[] at

4

the procedural apple." *See Fuller*, 47 F.3d at 1531. The court has recognized a limited exception to the requirement of Rules 38 and 39 "when the party claiming the jury trial right is attempting to act strategically—participating in the bench trial in the hopes of achieving a favorable outcome, then asserting lack of consent to the bench trial when the result turns out to be unfavorable to him." *Solis*, 514 F.3d at 955; *see also Palmer*, 560 F.3d at 969–70 (plaintiff waived jury trial by participating in bench trial without objection). This exception is narrow, and we decline to interpret Kast's actions so expansively.

On remand Kast, representing himself *pro se,* submitted that he was "amenable to an expedited bench trial as per General Order 64." He requested "trial in early October 2019 . . . anticipat[ing] that the trial should last one to two days." At the management conference Kast did not object to the magistrate judge's comments foreclosing trial. Now represented by counsel on appeal Kast concedes that his written submission was "not perfectly clear in requesting a jury trial." Nevertheless, we find Kast's "amenab[ility]" to an expedited bench trial cannot be read as a knowing participation in a bench trial. Particularly where, as here, Kast did not have the opportunity to participate in a second trial of any kind. Our practice to "indulge every reasonable presumption against waiver" and construction of *pro se* submissions liberally weigh heavily in Kast's favor. *See Pradier*, 641 F.2d at 811. Thus, Kast did not waive his Seventh Amendment jury trial demand, and the

5

proper remedy is remand for a new trial to determine willfulness and statutory damages.

**REVERSED and REMANDED.**