**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLOS L. ANDREWS,

Plaintiff-Appellant,

v.

MEGAN J. BRENNAN, Postmaster General,
United States Postal Service,

Defendant-Appellee.

No. 22-35081

D.C. No. 4:20-cv-00011-BMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted July 19, 2023[**]

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Carlos Andrews appeals from the district court's denial of his post-trial motion for judgment notwithstanding the verdict. Because the facts are known to the parties, we repeat them here only as necessary to explain our decision.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

# I

The district court properly denied Andrews's post-trial motion, whether that motion is construed as having been brought under Federal Rule of Civil Procedure 50(b) or Federal Rule of Civil Procedure 59(e).

A Rule 50(b) motion for judgment as a matter of law should be granted when "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (cleaned up). But when, as here, no Rule 50(a) motion was brought before submission to the jury, the Rule 50(b) motion should be granted only if the jury's verdict was plain error. *See id*. Although Andrews offers his own reading of the record, he does not meaningfully address the copious evidence supporting the jury's verdict, let alone show that the jury's verdict was plain error.

A Rule 59(e) motion to amend the judgment may be granted only if "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (cleaned up). Even if one of these conditions is present, the district court has considerable discretion to deny the motion. *See id.* Andrews fails meaningfully to argue for the presence of any of the conditions which

would have allowed the district court to grant his motion, let alone that the district court's denial of that motion was an abuse of discretion.

Since the jury verdict was not plain error, and the district court did not abuse its discretion in not amending the judgment, Andrews' motion was properly denied.

II

Andrews also claims that the district court's jury instructions were plain error, and so reversible despite his failure to object prior to this appeal. *See Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 828 (9th Cir. 2019). But none of his arguments for plain error is convincing.

First, Andrews argues that the jury should have been given a 'motivating factor' disparate treatment instruction. But "[a]fter hearing both parties' evidence, the district court must decide what legal conclusions the evidence could reasonably support and instruct the jury accordingly." *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 856 (9th Cir. 2002) (en banc), *aff'd*, 539 U.S. 90 (2003). Here, the district court gave a 'sole reason' instruction because Andrews presented no evidence of mixed motives. *Cf. id.* at 857 (distinguishing pretextual reasons from mixed motives).

Second, Andrews argues that the jury should have been instructed as to 'regarded as disability' discrimination. But, given the lack of any evidence that any relevant persons perceived Andrews to be disabled, it was not error for the district court instead to instruct the jury as to 'actual disability' discrimination.

Third, Andrews argues that the instructions should have described his alleged injuries, but he gives no reason to think such an instruction appropriate.

Fourth, Andrews argues that the jury should have been instructed as to USPS's 'interactive process' obligation. But the 'interactive process' burden-shifting framework applies at summary judgment, not at trial. *See Snapp v. United Transp. Union*, 889 F.3d 1088, 1100 (9th Cir. 2018) (holding that district court did not err in declining to instruct jury as to the interactive process obligation).

In sum, Andrews fails to show that the district court's jury instructions were error, let alone plain error.

## III

Finally, Andrews argues that the district court erred in allowing a non-expert to testify regarding her understanding of a medical disability. But Andrews did not raise this argument below, and this case presents no "exceptional circumstances" to "overcome the presumption against hearing new arguments" on appeal. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1213-14 (9th Cir. 2020) (cleaned up). Accordingly, we decline to reach this argument.

## IV

The judgment of the district court is **AFFIRMED.**