**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> WENDY BARAHONA-PANAMENO, <br><br> Defendant - Appellant. | No. 24-5632 <br><br> D.C. No. <br> 4:22-cr-02283-RM-JR-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted January 5, 2026
Phoenix, Arizona

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

Wendy Barahona-Panameno (Barahona-Panameno) appeals the district

court's denial of her motion for a directed verdict. Reviewing de novo, we affirm.

*See Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 828 (9th Cir. 2019).

**1.** Barahona-Panameno asserts that there was insufficient evidence to

support her conviction on Counts 5 and 6, involving two of the noncitizens who

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

did not testify. We review de novo whether there was sufficient evidence to support the conviction. *See United States v. Tucker*, 641 F.3d 1110, 1118 (9th Cir. 2011).[1]

In reviewing the sufficiency of evidence, we first "consider the evidence presented at trial in the light most favorable to the prosecution," and "[s]econd, after viewing the evidence in the light most favorable to the prosecution, we determine whether this evidence, so viewed, is adequate to allow *any* rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *United States v. Liberato*, 142 F.4th 1174, 1178 (9th Cir. 2025) (citations and internal quotation marks omitted) (emphasis in the original).

Evidence from testifying noncitizens may be sufficient to support a conviction for smuggling on counts naming non-testifying alleged noncitizens. *See United States v. Noriega-Perez*, 670 F.3d 1033, 1038-39 (9th Cir. 2012). In *Noriega-Perez*, eight of the noncitizens testified at trial that they lacked permission to enter the United States. *See id.* at 1036-37. Similar to the argument made by Barahona-Panameno, the defendant in *Noriega-Perez* "argue[d] that there was insufficient evidence of . . . alienage to support his conviction on the substantive counts naming non-testifying material witnesses." *Id*. at 1037. The government in

---

[1] Appellant did not raise this precise issue in moving for a directed verdict. Regardless, on the merits, there was sufficient evidence to support the conviction.

*Noriega-Perez* responded that "based on the testimony by eight of the material witnesses that they entered the United States without permission, the jury could reasonably infer that the non-testifying material witnesses lacked permission to enter the country as well. *Id*. We concluded that "[t]here was nothing improper in the jury making such an inference." *Id*. at 1037-38. In reaching that conclusion, we also relied on the contemporaneous discovery of the material witnesses in the "same cramped quarters." *Id*. at 1039.

Similar to the facts in *Noriega-Perez*, Deputy James Van Sickle (Van Sickle) discovered the noncitizens, including the two noncitizens named in Counts 5 and 6 in the rear of Barahona-Panameno's vehicle. They were dressed in camouflage pants and possessed "Mexican ID cards." Although Barahona-Panameno contends that she allowed the individuals to enter her vehicle after encountering them on the side of the road requesting medical assistance, Van Sickle, a combat medic for eighteen years, testified that none of the passengers appeared to require immediate medical attention.

Testimony from two of the other noncitizens sufficiently established that all the noncitizens had been apprehended together after crossing the border illegally. The parties also stipulated that the individuals identified in Counts 5 and 6 were noncitizens. Addressing similar facts in *Noriega-Perez*, we saw "no basis for creating a per se rule that any time [non-citizenship] is an element of a crime, the

3                                                                    24-5632

alleged [noncitizen] who was the subject of the offense must testify." *Id.* at 1038.

Viewing the evidence in the light most favorable to the prosecution, sufficient evidence supports the jury's finding that the individuals identified in Counts 5 and 6 were noncitizens. *See id.* at 1039-40.

**2.** There was no plain error[2] in allowing testimony regarding the attempted cell phone download, and no prosecutorial misconduct occurred in eliciting that testimony because the testimony did not constitute a comment on Barahona-Panameno's silence. *See Garcia-Morales*, 942 F.3d at 476.

Border Patrol Agent Matthew Alan Gibbs (Gibbs) testified that he attempted to extract data from Barahona-Panameno's phone, but was unable to complete the extraction. In explaining why an extraction may fail, he identified several possible reasons, including that the device may be locked, that the device may not power on, or that the device may have damage to the connection port. Although Gibbs also mentioned that he did not have the password for Barahona-Panameno's phone, he in no way connected the absence of a password to Barahona-Panameno's right to remain silent. *See United States v. Pino-Noriega*, 189 F.3d 1089, 1098 (9th Cir. 1999). Nothing in the record demonstrates that Barahona-Panameno refused to

---

[2] Because trial counsel did not object to this testimony at trial, we review for plain error. *See United States v. Garcia-Morales*, 942 F.3d 474, 475 (9th Cir. 2019).

provide her password, or that her refusal implied guilt. *See id.* Because there was no error, no plain error occurred. *See United States v. Graf*, 610 F.3d 1148, 1165 (9th Cir. 2010).

**3.** Ineffective assistance of counsel claims "are generally inappropriate on direct appeal and should be raised instead in habeas corpus proceedings." *United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013) (citation and internal quotation marks omitted). "We consider them only where the record is sufficiently developed to permit review and determination of the issue, or the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Id.* (citation and internal quotation marks omitted). As Barahona-Panameno has not satisfied either standard, we decline to address her claims of ineffective assistance of counsel on direct appeal. *See id.*

**AFFIRMED.**