NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STACY G. HALL,

Plaintiff-Appellant,

v.

BUDDY MYOTTE; ALVIN FODE;
MYRON BEESON,

Defendants-Appellees.

No.   23-35372

D.C. No. 6:16-cv-00058-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted July 30, 2025[**]

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges

Plaintiff-Appellant Stacy G. Hall appeals pro se from the district court's

judgment following a jury verdict in his 42 U.S.C. § 1983 action alleging prison

employee defendants-appellees violated Hall's Eighth Amendment rights by

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

subjecting him to dangerous working conditions in the prison. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

To the extent Hall challenges the sufficiency of the evidence supporting the jury's verdict, we conclude that Hall waived such a challenge by failing to move for judgment as a matter of law or a new trial before the district court. *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089–90 (9th Cir. 2007) (to preserve a sufficiency-of-the-evidence challenge, a party must file both a pre-verdict motion under Fed. R. Civ. P. 50(a) and a post-verdict motion for judgment as a matter of law or new trial under Rule 50(b)).

Assuming without deciding that Hall preserved his challenges to the district court's final jury instructions and rejection of his proposed jury instructions, we conclude that the final instructions correctly stated the law and clearly and adequately covered the issues presented. *See Sidibe v. Sutter Health*, 103 F.4th 675, 684–85 (9th Cir. 2024) (setting forth standard of review and requirement that in "light of the issues and viewed as a whole, the instructions were complete, clear, correct, and adequate" (citation and quotation marks omitted)).

Hall contends that he should have been allowed to present medical records for care that he received after his release from prison. The district court did not abuse its discretion in requiring Hall to authenticate the medical records, which he failed to do. *See* Fed. R. Evid. 901(b) (listing examples of authentication);

*Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 829 (9th Cir. 2019) (reciting standard of review for discovery and evidentiary rulings).

The district court did not abuse its discretion in denying Hall's motions for recusal, which were based solely on prior adverse rulings during the proceedings. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1157 (9th Cir. 1999) (reciting standard); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (holding that prior adverse rulings are insufficient for recusal).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Hall's state law claims. *See Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021).

We deny Hall's claim of ineffective assistance of counsel, because there is no right to effective assistance of counsel in civil proceedings. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (as amended) (per curiam).

We decline to review any issues that were not specifically and distinctly raised and argued in the opening brief, or not raised before the district court. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

23-35372